IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:23-cv-00001

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) COMPLAINT ) |
| ROBERT WHITE, | ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiff United States of America, on behalf of the United States Environmental Protection Agency, files this Complaint and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action against Robert White pursuant to section 309(b) and (d) of the Clean Water Act ("CWA" or the "Act"), 33 U.S.C. § 1319(b) and (d), to obtain injunctive relief and civil penalties for violations of CWA section 301(a), 33 U.S.C. § 1311(a). Defendant discharged pollutants, including dredged or fill material, into waters of the United States at three separate locations in or near Elizabeth City, Pasquotank County, North Carolina (the "Site") without the authorization required by the CWA. See 33 U.S.C. § 1344.

2. In this action, the United States seeks, *inter alia*, to (1) enjoin Defendant's discharge of pollutants into waters of the United States without a permit in violation of CWA section 301(a), 33 U.S.C. § 1311(a), at or from the Site; (2) enjoin Defendant to comply with the CWA's requirements; (3) require Defendant, at his own expense and at the direction of the United States, to restore impacted waters and wetlands and mitigate the damages caused by his

unlawful activities, including compensating for the temporal losses of wetland functions until such time as the damage is restored; and (4) require Defendant to pay an appropriate civil penalty to the United States as provided in CWA section 309(d), 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to CWA section 309, 33 U.S.C. § 1319, and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in the Eastern District of North Carolina pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), because Defendant owns property and/or conducts business in this District. In addition, the properties where Defendant committed the CWA violations referenced in this Complaint are located in or near Elizabeth City and the cause of action alleged herein arose in this District.

5. Notice of the commencement of this action will be provided to the State of North Carolina pursuant to CWA section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

6. Plaintiff in this action is the United States of America. The United States has authority to bring this action on behalf of the United States Environmental Protection Agency ("EPA") pursuant to 28 U.S.C. §§ 516 and 519.

7. Defendant is an individual who, upon information and belief, resides in or near Elizabeth City, Pasquotank County, North Carolina.

## STATUTORY AND REGULATORY BACKGROUND

8. The Clean Water Act is designed to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

9. To accomplish the CWA's objectives, section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant by any person to navigable waters except as authorized by and in compliance with a permit issued pursuant to CWA section 404, 33 U.S.C. § 1344, or other CWA provisions not applicable here. Strict liability applies under the CWA.

10. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the U.S. Army Corps of Engineers (the "Corps"), to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public hearing.

11. CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

12. CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, inter alia, dredged spoil, rock, and sand.

13. CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

14. CWA regulations at 33 C.F.R. § 328.3(c)(16) and 40 C.F.R. § 120.2(3)(xvi) define "wetlands" as "areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

15. CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

16. CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include an individual, corporation, partnership, or association.

17. As noted above, discharges of dredged or fill material, such as dirt and rock, into streams and wetlands that are waters of the United States require a permit under CWA section 404(a), CWA, 33 U.S.C. § 1344(a). The Site is within the regulatory jurisdiction of the Wilmington District of the U.S. Army Corps of Engineers for purposes of CWA section 404. The Corps has not issued a permit to the Defendant for the activities alleged in the Complaint.

18. CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the United States to commence a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

19. CWA section 309(d), 33 U.S.C. § 1319(d), authorizes the United States to commence an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

## FACTUAL BACKGROUND

20. The Site consists of properties (1) off Shadneck Road ("Shadneck"); (2) off Pine Shore Road ("Pine Shore"); and (3) off Wades Point Road ("Wades Point"). Shadneck and Pine Shore abut Big Flatty Creek, and Wades Point abuts the Pasquotank River. Upon information and belief, Defendant is the sole owner of the parcels at Shadneck and Pine Shore and a co-owner of the parcels at Wades Point.

21. Beginning in 2015, until approximately late 2017, Defendant and/or persons acting on his behalf constructed a 768 linear foot bulkhead in open water and forested and marsh wetlands along the western edge of Shadneck, a 293 linear foot bulkhead in open water and forested and marsh wetlands along the edge of Pine Shore, and a 1,420 linear foot bulkhead and a boat ramp in open water and forested and marsh wetlands along the eastern edge of Wades Point.

22. Defendant used earthmoving machinery to fill in the waters and wetlands between each of the bulkheads and the non-wetland parts of the properties, until the fill material was level with the tops of the bulkheads.

23. Defendant's dredge-and-fill activities impacted approximately 3 acres of open water and forested and marsh wetlands at Shadneck, 2.98 acres of open water and forested and marsh wetlands at Pine Shore, and 5.87 acres of open water and forested and marsh wetlands at Wades Point.

24. None of the discharges were authorized by a CWA section 404 permit.

25. Big Flatty Creek and the Pasquotank River are traditionally navigable waters and therefore, are waters of the United States. Defendant and/or persons acting on his behalf discharged dredged or fill material into open waters, the Pasquotank River and Big Flatty Creek.

26. The forested and marsh wetlands at the Site are directly adjacent to traditionally navigable waters and therefore, are waters of the United States. Defendant and/or persons acting on his behalf discharged dredged or fill material into these forested and marsh wetlands.

27. At the time of the discharges, Defendant knew or should have known that a CWA section 404 permit was required to construct the bulkheads in open waters and forested and marsh wetlands and to deposit fill material into the waters and wetlands between each of the bulkheads and the non-wetland parts of the properties, as he had applied for and received CWA section 404 permits from the Corps for different property.

28. The Corps and EPA have made significant efforts over the past several years to negotiate an appropriate remedy for Defendant's violations. Defendant, however, has refused to restore the aquatic functions of the Pasquotank River and Big Flatty Creek open waters and forested and marsh wetlands that were degraded by the construction of the bulkheads and the

filling of the open waters and wetlands between each of the bulkheads and the non-wetland parts of the properties. Having exhausted these efforts at a negotiated settlement, the United States is commencing this action to restore the environment to its prior condition.

## CLAIM FOR RELIEF
## Unauthorized Discharges of Dredged and/or Fill Material

29. The United States re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 28.

30. Defendant and/or persons acting on his behalf, discharged dredged or fill material into the waters of the United States without a permit under CWA section 404. The unauthorized discharges alleged in this Complaint were made into and remain in waters of the United States, including adjacent wetlands at the Site.

31. The open waters of Big Flatty Creek and the Pasquotank River at the Site are traditionally navigable waters and the forested and marsh wetlands at the Site are adjacent to Big Flatty Creek and the Pasquotank River. Therefore, the open waters and forested and marsh wetlands constitute waters of the United States within the meaning of the CWA and its implementing regulations.

32. In addition, the adverse environmental impacts of Defendant's conduct extend beyond the direct harms to affected wetlands. A relatively permanent connection and significant nexus exists between the affected wetlands and Big Flatty Creek and the Pasquotank River, their tributaries, and associated wetlands. The subject waters, either alone or in combination with similarly situated lands in the region, significantly affect the chemical, physical, and biological integrity of Big Flatty Creek and the Pasquotank River.

33. Defendant's activities at the Site resulted in the unauthorized discharge of dredged or fill material into waters of the United States. The dredged or fill material that

Defendant and/or persons acting on his behalf caused to be discharged includes, among other things, dirt, spoil, rock, sand, and earthen material, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

34. Defendant and/or persons acting on his behalf used mechanized land-clearing and earthmoving equipment, including a bulldozer, trucks, and track hoes, to accomplish the discharges. These items of equipment constitute "point sources" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

35. Defendant did not obtain a permit from the Corps for the discharges of dredged or fill material into waters of the United States at the Site.

36. Defendant owned and/or has managed the property on which the unauthorized discharges of dredged or fill material occurred and are occurring.

37. Defendant planned, conducted, directed, contracted for, supervised and/or otherwise benefitted from the unauthorized activities at issue on his property.

38. Defendant is a person within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

39. Defendant violated and continues to violate CWA section 301(a), 33 U.S.C. § 1311(a), by his unauthorized discharges of dredged or fill material into waters of the United States, including open waters of the Big Flatty Creek and the Pasquotank River and wetlands adjacent to the Big Flatty Creek and the Pasquotank River.

40. Each day that such unauthorized material remains in place constitutes a separate and continuing violation of CWA section 301(a), 33 U.S.C. § 1311(a).

41. Despite the United States' repeated requests to address the violations observed at the Site, Defendant has not removed the dredged or fill material or complied with the CWA to

7

date.  Because Defendant has not undertaken appropriate remedial actions, the violations remain in place at the Site.  Unless enjoined, Defendant is likely to continue to discharge dredged or fill material into, or allow dredged or fill material to remain in, waters of the United States at the Site, in violation of CWA section 301(a), 33 U.S.C. § 1311(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

1. That Defendant be permanently enjoined from discharging or causing the discharge of dredged or fill material, sediment, and any other pollutant into any waters of the United States except in compliance with the CWA;

2. That Defendant be enjoined to undertake corrective measures, at his expense and at the direction of the United States, to provide complete restoration of the Site and provide mitigation for any loss of function or other environmental damage;

3. That Defendant be enjoined to comply with the CWA's requirements and the Act's implementing regulations in the future;

4. That Defendant be assessed, pursuant to CWA section 309(d), 33 U.S.C. § 1319(d), an appropriate civil penalty in an amount to be determined for violating CWA section 301(a), 33 U.S.C. § 1311(a);

5. That the United States be awarded costs, attorneys' fees, and disbursements in this action; and

6. That this Court grant Plaintiff, the United States of America, such other relief as the Court may deem just and proper.

Dated: January 6, 2023                                          Respectfully submitted,

TODD KIM                                                        MICHAEL F. EASLEY, JR.
Assistant Attorney General                                      United States Attorney
Environment and Natural Resources Division                      Eastern District of North Carolina

/s/ *Alexander M. Purpuro*                                      ANDREW KASPER
ALEXANDER M. PURPURO                                            NC Bar No. 44515
FL Bar No. 1025872                                              Assistant United States Attorney
PAUL CIRINO                                                     Eastern District of North Carolina
DC Bar No. 1684555                                              50 Fayetteville Street
United States Department of Justice                             Suite 2100
Environmental Defense Section                                   Raleigh, North Carolina 27601
P.O. Box 7611                                                   Telephone: (919) 856-4530
Washington D.C. 20044-7611                                      Fax: (919) 856-4487
Telephone: (202) 514-3468 (Cirino)                              andrew.kasper@usdoj.gov
Telephone: (202) 514-9771 (Purpuro)
Fax: (202) 514-8865
paul.cirino@usdoj.gov / alexander.purpuro@usdoj.gov

*Counsel for Plaintiff United States of America*

OF COUNSEL:

MICHELE WETHERINGTON
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street, Southwest
Atlanta, Georgia 30303