IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:23-CV-00001-BO

**United States of America**,

        Plaintiff,

v.

**Robert D. White**,

        Defendant.

**Order**

The United States asks the court to compel additional deposition testimony from George Wood, a non-testifying expert retained by Defendant Robert D. White. It also seeks an order requiring White to produce additional documents related to Wood's work that White has withheld based on the work-product doctrine. White opposes the United States' requests.

Having considered the parties' arguments, the court will grant the United States' motion in part. By failing to include an argument about the withheld documents in its supporting memorandum, the United States has waived any argument on this point. So it is not entitled to documents White listed on his privilege log. But the United States is entitled to additional deposition testimony from Wood. While White has shown that he retained Wood as a non-testifying expert, by continuing to use Wood as an advocate on his behalf, he has waived any immunity from discovery that Wood's status as a non-testifying expert may have provided him.

**I.    Background**

White owns properties near Elizabeth City, North Carolina. Compl. ¶ 20, D.E. 1. The government contends that in 2015, White constructed bulkheads in the Pasquotank River and Big

Flatty Creek and then filled the wetlands and waters behind the bulkheads on his properties. Mem. in Supp. at 3, D.E. 52.

As part of this construction, White retained George Wood, a biologist, wetlands scientist, and certified environmental professional, in November 2016. Resp. in Opp. at 4, D.E. 56. White hired Wood's consulting company "to assist in the development plans to stabilize the waterfront and provide a high ground basin for boating access" at his property. *Id.*

The United States began to investigate White's bulkheading and filing activities in January 2018. Mem. in Supp. at 3. Upon receiving Notices of Violation from the United States Army Core of Engineers (USACE), Wood worked with White to resolve the United States' concerns. Resp. in Opp. at 4.

Since June 11, 2018, Wood has worked with White's attorneys as a consultant. *Id.* Their work included creating survey maps, preparing restoration plans, and proposing other documents for settlement purposes. *Id.* at 5.

Ultimately, the United States sued White for allegedly violating the Clean Water Act. Compl., D.E. 1. White's initial disclosures identified Wood as someone who may have discoverable information that he would use to support his claims. Mem. in Supp. Ex. C, D.E. 52–3. Yet the parties disagreed over what information about Wood's work was discoverable. In response to several discovery requests involving Wood, White claimed privilege and produced a privilege log. And at his deposition, Wood refused to answer certain questions, asserting that, as a non-testifying litigation consultant, he did not have to testify about facts or opinions he formed after June 11, 2018.

2

Case 2:23-cv-00001-BO-RN   Document 65   Filed 05/14/24   Page 2 of 12

But the government challenges that assertion, pointing out that Wood served as White's lead representative, conferred with officials, attended several multi-agency site investigations, and provided officials with information about the properties. Mem. in Supp. of Mot. to Compel at 2.

The parties were unable to resolve their discovery dispute. So the United States moved to compel. Mot. to Compel, D.E. 51. The motion requests documents White has withheld as work-product under Federal Rule of Civil Procedure 26(b)(3). And it asks the court to reopen Wood's deposition to allow additional testimony withheld as the opinions of a non-testifying expert under Rule 26(b)(4)(D).

## II. Discussion

The United States contends that White has failed to meet his burden to establish that Wood is a non-testifying expert. And, according to the Government, even if he were, White waived any protections Rule 26 provided Wood when he acted as White's liaison and shared information with government officials. White does not directly address that argument and, instead, pivots to an argument that the information is inadmissible because it was part of settlement negotiations. Ultimately, the United States has the better argument and thus the court will grant the motion to compel and reopen his deposition.

### A. General Standards

The Federal Rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The rules provide several tools, including interrogatories and requests for production, to obtain discovery from other parties. *Id.* 33, 34.

And the Rules allow a requesting party to move to compel if the responding party's discovery responses are incomplete or inadequate. Fed. R. Civ. P. 37(a). The party resisting or

3

objecting to discovery "bears the burden of showing why [the motion to compel] should not be granted." *Mainstreet Collection, Inc.* v. *Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). To meet this burden, the non-moving party "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Id*.

### B.    Dispute over Documents Withheld as Work-Product

Although the United States' motion requests the court order White to produce documents he has withheld as work product, it did not address that issue in its supporting brief. *See* Mem. in Supp. *passim*. The issue is thus waived. *See Russell* v. *Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 n.* (4th Cir. 2014) (explaining that failing to present a legal argument waives that argument); *Steves & Sons, Inc.* v. *JELD-WEN, Inc.*, 988 F.3d 690, 727 (4th Cir. 2021) ("'[I]t is not the obligation of this court to research and construct legal arguments open to parties, especially when they are represented by counsel,' and 'perfunctory and undeveloped arguments . . . are waived.'"). So the court will deny the portion of the motion to compel regarding documents listed in the privilege log.

### C.    Non-Testifying Expert

The parties dispute whether Wood is a non-testify expert. Determining Wood's status is important because the Federal Rules of Civil Procedure limit what may be discovered from a non-testifying expert. If a party "retained or specifically employed" an expert "in anticipation of litigation or to prepare for trial" but does not expect to call that expert at trial then another "party may not, by interrogatories or deposition, discover facts known or opinions held by" that expert. Fed. R. Civ. P. 26(b)(4)(D).

4

There are two exceptions to this general rule. One exception, which is not relevant here, involves experts retained to conduct a physical or mental examination under Rule 35. *Id.* 26(b)(4)(D)(i). The other exception allows discovery of facts and opinions known by a non-testifying expert if the party seeking discovery can show "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." *Id.* 26(b)(4)(D)(ii).

There appears to be no dispute that, for purposes of the motion, Wood qualifies as an expert in environmental biology and wetlands science. Wood Dep. at 163, D.E. 52–1. He is a certified wetland scientist who operates an environmental consultancy based in Kill Devil Hills, North Carolina. *Id.* at 26; 29; 164–65. And the evidence shows that Wood has extensive knowledge, education, and experience on environmental matters. *Id.* at 26–29. There also appears to be no dispute, at this point, that White does not intend to call Wood as an expert witness at trial. So the only question for the court is whether White retained or specifically employed Wood in anticipation of litigation or to help him prepare for trial.

As the party resisting discovery, White must establish that he retained Wood in anticipation of litigation. *H/S Wilson Outparcels, LLC* v. *Kroger Ltd. P'ship I*, No. 5:15-CV-00591-RJ, 2018 WL 1528187, at *2 (E.D.N.C. Mar. 28, 2018). To do so, he must show that he retained Wood "because of the prospect of litigation" and that when he did so, he faced "an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." *Nat'l Union Fire Ins. of Pittsburgh* v. *Murray Sheet Metal Co.*, 967 F.2d 980 (4th Cir. 1992).

Complicating the court's analysis of this question is the lack of a written agreement memorializing the terms of Wood's consulting agreement with White and his attorneys. Mem. in

5

Supp. of Mot. to Compel at 8. But while the exact terms are unclear, the record contains deposition testimony from Wood and sworn statements from White's attorneys on this point. The record also provides a timeline of events that helps the court determine whether White retained wood in anticipation of litigation.

The timeline of events supports White's position that the prospect of litigation drove the decision to retain Wood as an expert. The government began to investigate White's activities in 2018, which could reasonably signal that litigation would ensue. White retained counsel a few months later, which reflects White's belief that litigation was likely.

And declarations White's attorneys, both present and former, show that they retained Wood to consult on matters related to that anticipated litigation. Teague Decl. ¶ 3, D.E. 56–1; Simonsen Decl. ¶ 3, D.E. 56–2; Wright Decl. ¶ 3, D.E. 56–3.

So the court is satisfied that White and his counsel retained Wood because they reasonably expected that he would become embroiled in litigation with the United States. Thus White has established that Wood qualifies as a non-testifying expert under Rule 26(b)(4)(D) beginning on June 11, 2018.[1]

**D.     Waiver**

The United States argues that even if Wood qualifies as a non-testifying expert, White has waived the protections of Rule 26(b)(4)(D) in two ways. First, the United States argues that by identifying him as a fact witness in initial disclosures, White has waived any claim of privilege for Wood. Second, the Government maintains that White waived the rule's protections when he had

---

[1] Neither party suggests they intend to call Wood as an expert witness.

Wood's serve as his representative and communicate directly with government officials. The court is unpersuaded by the first argument, but finds merit by its second one

1. **Initial Disclosure Identification**

In his initial disclosures, White identified Wood as a person likely to have discoverable information. Def.'s Initial Disclosures at 3, D.E. 52–3. The subject of his information was "[f]acts regarding the bulkhead construction and backfilling activities, permitting, and Defendant's defenses." *Id.* The government maintains that this identification waives any claim of privilege about information Wood has. The court disagrees.

White's identification of Wood in his initial disclosures waived no privilege or protection he may assert for a non-testifying expert. *See Ross* v. *Burlington N. R. Co.*, 136 F.R.D. 638, 639 (N.D. Ill. 1991) (fact that party identified witness and pointed to the subject matter of his testimony did not waive Rule 26's protection for non-testifying expert); *Jones* v. *Sunbelt Rentals, Inc.*, No. 22-CV-05954, 2023 WL 6215295, at *12 (N.D. Cal. Sept. 22, 2023) (initial disclosure supplement that added the names of the subpoenaed healthcare providers and the therapists, without more, does not waive or disclose any part of any privileged communications)

Rule 26(a)(1) required White to identify Wood because he was a person with discoverable information. To find compliance with initial disclosure requirements waives otherwise protected information would deviate from the fairness considerations behind the Rule.

And the fact that Rule 26(B)(4)(D) shields the "facts known and opinions held" by a non-testifying expert, not his identity, supports finding there is no waiver here. *See Houston* v. *Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013) (noting that Rule 26(b)(4)(D) protects "facts known or opinions held," by the retained, non-testifying experts, but not their identities).

7

So the court concludes that White did not waive any privilege or protection related to Wood by identifying him in the initial disclosures.

### 2. Wood's Actions

The United States argues that White has waived any claim of privilege or protection under Rule 26(b)(4)(D) by acting in a manner that conflicts with the Rule. It contends that by attending site investigations, conferring with officials, and providing them with information, Wood has stepped beyond the scope of a litigation consultant that the Rule intends to shield.

Wood's actions after he became a litigation consultant in June 2018 contradict the rationale behind the protections afforded under Rule 26(b)(4)(D). Fairness considerations underlie the treatment of discovery from consulting experts. *Walls* v. *Ford Motor Co.*, No. 1:20-CV-98, 2021 WL 4417828, at *13 (M.D.N.C. Sept. 27, 2021) (citation omitted). The shield offered by the Rule tracks the same fairness concerns contemplated by the work-product doctrine. *See Twigg* v. *Pilgrim's Pride Corp.*, No. 3:05-CV-40, 2007 WL 676208, at *8 (N.D.W. Va. Mar. 1, 2007) (collecting cases); *In re Commodity Exch., Inc.*, Nos. 14-MD-2548 & 14-MC-2548, 2021 WL 2481835, at *4 (S.D.N.Y. June 7, 2021).

According to White, Wood assisted him with resolving the violation notices from USACE. Resp. in Opp. at 4. His work with counsel included creating survey maps, preparing restoration plans, and proposing other documents for settlement purposes. *Id.* at 5.

But that was not the limit of his role. The United States observes, and White does not contest, Wood served as White's representative, conferred with officials, attended several multi-agency site investigations, and provided officials with information about the properties. Mem. in Supp. of Mot. to Compel at 2, D.E. 52. Wood represented White when meeting with the agency representatives. Wood Dep. at 138:17–25. On White's behalf, Wood attended several site

investigations. *Id.* at 137:14–22. He attended these without White's counsel. *Id.* Wood responded to a Corps request for crop data on White's properties and endeavored to obtain that information. *Id.* at 143:12–18. Wood had direct communications with Corps and EPA officials after June 2018. Exs. F–J, D.E. 52–7–52–10. And he presented White's site restoration plan to the agencies. *Id.*

White acknowledges the government's argument but does not substantively respond to it. Thus he has conceded it. *Kinetic Concepts, Inc.* v. *Convatec, Inc.*, No. 1:08-CV-00918, 2010 WL 1667285, at *8 (M.D.N.C. Apr. 23, 2010) (citing cases).

But any attempt to address this argument on the merits would be unpersuasive. Wood's actions after his retention as a consultant conflict with the intent of Rule 26(b)(4)(D). The Advisory Committee Notes explain that the Rule's protections do not apply "the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit." Fed. R. Civ. P. 26 advisory committee note to 1970 amendment. In that circumstance, the "expert should be treated as an ordinary witness." *Id.*

The record established that White and his attorneys did not employ Wood solely as a consultant to assist with the defense of anticipated or actual litigation. Instead, they deployed him as an advocate on White's behalf. Wood's ongoing involvement in the government's investigation and his direct communication with government agents waives any protection that Rule 26(b)(4)(D) may have provided. So it will allow the United States to reopen Wood's deposition.

Rather than address the United States' argument, White contends that the materials the United States seeks are not discoverable because they were part of settlement negotiations and are inadmissible under Rule 408 of the Federal Rules of Evidence. That rule provides that "conduct or a statement made during compromise negotiations about the claim" are inadmissible "either to

9

prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction[.]" Fed. R. Evid. 408(a) & (a)(1).

But Rule 408 governs admissibility of evidence, not the discoverability of information. Under the Federal Rules, information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). And courts addressing the issue have found that there is no blanket immunity from discovery for settlement-related matters. *See Att'ys Liab. Prot. Soc'y, Inc.* v. *Wooddy*, No. 2:12-CV-03605, 2013 WL 11328456, at *5 (D.S.C. Oct. 1, 2013). So even if the court were to accept White's argument about the nature of Wood's work, that outcome would not require the court to deny the United States' motion.

### E. Guidance for Reopened Deposition

Having reviewed the transcript from Wood's first deposition, the court believes it necessary to provide guidance to the parties before the reopened deposition. The Federal Rules explain that during a deposition, any objections "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." *Id.* 30(c)(2). Attorneys are to make objections "concisely in a nonargumentative and nonsuggestive manner." *Id.* These rules prevent a deposition from being "unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond." *Id.* 1993 Advisory Committee Notes.

The Federal Rules of Civil Procedure provide more guidance related to objections at depositions. A party may object "at a hearing or trial to the admission of any deposition testimony that would be inadmissible if the witness were present and testifying." Fed. R. Civ. P. 32(b). And a party does not waive an objection "to the deponent's competence . . . or to the competence, relevance, or materiality of testimony" if they do not make it at the deposition, unless the party

10

taking the deposition could have corrected the error during the deposition. *Id.* 32(d)(3)(A). But a failure to make a timely objection to "the form of a question or answer" does lead to a waiver. *Id.* 32(d)(3)(B)(i). Given these protections on the ability to object to deposition testimony later, objections "ordinarily should be limited to those that under Rule 32(d)(3) might be waived if not made at that time[.]" *Id.* 30(d) 1993 Advisory Committee Notes. Otherwise, objections "should be kept to a minimum during a deposition." *Id*.

The court notes that many objections levied during Wood's deposition were speaking objections. It is improper for an attorney to make speaking objections during a deposition. Instead, objections "must be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). White's attorneys did not comply with this rule when, as the deposition transcript shows, they made speaking objections and other improper commentary. Such comments are impermissible. Going forward, all counsel must object as provided in the federal rules or potentially face sanctions.

The court also reminds counsel that objections should have a good-faith basis. During Wood's deposition, White's counsel repeatedly objected to questions as leading. Of course, the Federal Rules of Evidence generally frown upon leading questions during direct examination unless "necessary to develop the witness's testimony." Fed. R. Evid. 611(c). But leading questions are ordinarily allowed "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." *Id.* 611(c)(2). When under questioning by the United States, Wood is unquestionably a witness identified with an adverse party. *Vanemmerik* v. *The Ground Round, Inc.*, No. 97–5923, 1998 WL 474106 (E.D. Pa. July 16, 1998) ("The normal sense of a person 'identified with an adverse party' has come to mean, in general, an employee, agent, friend, or relative of an adverse party."). So there was nothing inappropriate about government counsel

11

asking Wood leading questions. And thus there was no basis for an objection based on the leading-nature of the United States' questions. Any attorney who makes baseless objections may be subject to sanctions.

### III. Conclusion

The court grants in part and denies in part the motion to compel. D.E. 51. It orders as follows:

1. The United States may resume Wood's deposition. The total on-the-record time for both of Wood's depositions shall not exceed 7 hours.
2. Defense counsel are responsible for the reasonable fees and costs, including travel costs, associated with Wood's resumed deposition.
3. The parties must meet and confer about deadlines for the completion of Wood's deposition and the submission of any dispositive motions. They shall submit a joint motion seeking to amend the scheduling order to address these issues within 14 days from entry of this order.

Dated: May 14, 2024

_Robert T Numbers II_

Robert T. Numbers, II
United States Magistrate Judge